## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **John O. Frink Jr.** | : | **PRO SE** |
| **3700 North Market Street** | : | **COMPLAINT** |
| **Wilmington, Delaware 19802** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | **C. A. No.** |
| | : | |
| **Thomas Macleish, individually;** | : | 0 7 ‑ 5 3 0 |
| **Mark W. Seifert, individually;** | : | |
| **Joseph A. Papili, individually;** | : | |
| **Andrew J. Hudack, individually;** | : | |
| **Steven T. Rizzo, individually;** | : | |
| **John P. Forester, individually;** | : | |
| **Thomas E. Green, individually;** | : | |
| **Nate McQueen, individually.** | : | |
| | : | |
| **Defendants.** | : | |

## PRO SE COMPLAINT

This Court has original jurisdiction over this matter that is brought

to redress the deprivation of rights, privileges and immunities secured

by the Constitution and laws of the United States pursuant to 28

U.S.C. sections 1331 and 1343. The federal issues arise under 42

U.S.C. section 1981, 1983, 1985, and 1988. This Court has

supplemental jurisdiction over all other claims asserted herein in that

they are related to those issues over which original jurisdiction is

conferred and are part of the same controversy, pursuant to 28 U.S.C.

section 1367(a). Venue in this District is appropriate pursuant to 28

U.S.C. sections 1391(b)(1) and (2), in that all the defendants reside in

the District and a substantial part of the events and omissions giving

rise to this claim occurred in the District.

## PARTIES

1.    Plaintiff, John O. Frink, Jr., is a 47 year old African

American male who lives and has lived, worked and resided in

Wilmington, Delaware for over 20 years.

2.    Defendant Thomas Macleish he is a white male and is the

Superintendent of the Department of Safety and Homeland Security:

Delaware State Police; his rank is Colonel. He is the Chief Executive

of the Executive Staff of the Delaware State Police.

Page 2

3.     Defendant Mark W. Seifert is a white male and is the
Deputy Superintendent of the Department of Safety and Homeland
Security: Delaware State Police; his rank is Lieutenant Colonel. He is
a member of the Executive Staff for the Delaware State Police.

4.     Defendant Joseph A. Papili is a white male and is the Field
Operations Officer for Criminal Investigations of the Department of
Safety and Homeland Security: Delaware State Police; his rank is
Major. He is a member of the Executive Staff for the Delaware State
Police.

5.     Defendant Andrew J. Hudack is a white male and is a State
Trooper with rank of Corporal for the Department of Safety and
Homeland Security: Delaware State Police.

6.     Defendant John P. Forester is a white male and is a State
Trooper with the rank of Corporal for the Department of Safety and

Page 3

Homeland Security: Delaware State Police.

7.    Defendant Steven T. Rizzo is a white male and is a State

Trooper with the rank of Corporal for the Department of Safety and

Homeland Security: Delaware State Police.

8.    Defendant Thomas E. Green is an African American male

and is a State Trooper with the rank of Corporal for the Department of

Safety and Homeland Security: Delaware State Police.

9.    Defendant Nate McQueen is a white male and is a State

Trooper with the rank of Captain for the Department of Homeland

Security: Delaware State Police.

## THE ARREST OF THE DEFENDANT

10.    In the early morning hours of September 4, 2005, the

plaintiff, John O. Frink, Jr., was in the state of Delaware traveling

south on Interstate 95 near Marsh Road driving a 2 door vehicle.

Page 4

11.     Defendant, Andrew J. Hudack, was on duty and patrolling for the Delaware State Police in the area at the same time that plaintiff, John O. Frink, Jr., was on Interstate 95 near Marsh Road.

12.     Trooper Andrew J. Hudack initiated a vehicle stop of John O. Frink, Jr., for speeding.

13.     Trooper Andrew J. Hudack was in a marked patrol vehicle and initiated the stop by the activating his vehicle's emergency lights.

14.     Mr. Frink appropriately responded to Trooper Hudack by pulling his vehicle over to the right shoulder of the road and stopping.

15.     Trooper Hudack followed Mr. Frink to the shoulder of the road; Trooper Hudack stopped his patrol vehicle approximately 15 feet behind Mr. Frink's vehicle.

Page 5

16.    Trooper Hudack exited his vehicle and approached Mr. Frink's vehicle from the passenger side; Mr. Frink's passenger window was down.

17.    After Trooper Hudack reached the passenger side of Mr. Frink's vehicle Trooper Hudack screamed at Mr. Frink uttering ethnic slurs, profanity and threats, at the same time, Trooper Hudack had his weapon (divisional issued handgun) drawn. Trooper Hudack said "What the fuck are you doing nigger? I'm going to get you.".

18.    Mr. Frink at this point believed that Corporal Hudack might do harm to him so he pulled off in his vehicle fearing for his life.

19.    Corporal Hudack began discharging his weapon firing at Mr. Frink.

Page 6

20. The first shot fired by Corporal Hudack was from approximately 9 feet behind Mr. Frink's vehicle; it entered the right top trunk lid, continued into the back of the rear seat, exited the front of the rear seat and struck the front interior windshield in front of the steering column causing a defect.

21. Corporal Hudack fired a second shot while Mr. Frink was fleeing for his life.

22. The second shot was fired from approximately 10 feet 7 inches behind Mr. Frink's vehicle; it entered the metal on the right side of the rear widow, continued into the passenger compartment skimming the right side of the passenger seat headrest and struck the front windshield passenger side interior causing defect.

23. Mr. Frink continued fleeing from Corporal Hudack still in fear for his life.

Page 7

24.   Corporal Hudack fired a third and fourth shot at Mr. Frink while Mr. Frink was still trying to get away from the Corporal.

25.   The third shot was fired at a distance of approximately 23 feet 2 inches form behind Mr. Frink's vehicle; it entered the rear bumper area, continued into the right side of the trunk striking a metal clasp. The projectile fragmented into 2 pieces which entered into the bottom of the trunk.

26.   The fourth shot was fired at a distance of approximately 43 feet 8 inches again from behind Mr. Frink's vehicle; it entered the inside of the right exhaust pipe and exited the bottom of the exhaust pipe.

27.   Mr. Frink knew that his flight had to continue until at least other members of the Delaware State Police or civilians arrived. However because there were no other cars in sight Mr. Frink, in a panic, stopped his vehicle, jumped out, ran down an embankment

Page 8

and into a wooded area for cover.

28.    Corporal Hudack re-entered his patrol vehicle and pursued
Mr. Frink; Corporal Hudack stopped his car right behind Mr. Frink's
car a second time, exited his patrol vehicle with his weapon drawn
and took aim at Mr. Frink in the woods.

29.    Mr. Frink laid down low in the woods to prevent Corporal
Hudack from having a easy target in the event he resumed
discharging his weapon.

30.    From roadside Corporal Hudack kept his weapon aimed in
the wooded area where Mr. Frink sought cover. Corporal Hudack
made more ethnic slurs to Mr. Frink by calling him a "Nigger" and
threatened Mr. Frink by saying that the other Delaware State Police
that were arriving "want to shoot you".

31.    Shortly afterwards defendant, Trooper John P. Forester, actually arrived at the scene in his patrol vehicle. Mr. Frink then quickly ran out of the woods, with empty hands raised high over his head, clearly attempting to surrender to the Delaware State Police.

32.    Mr. Frink came out of the woods at this point because he believed that he would be safe and secure from potential harm at the hands of Corporal Hudack now that other members of the Delaware State Police were actually arriving.

33.    When Mr. Frink was coming out of the woods with empty hands raised over his head, suddenly a Delaware State Police vehicle was driven off the road, down the embankment and would have struck Mr. Frink but for his quick reaction and ability to extract himself out of the path of the oncoming vehicle. However in so doing Mr. Frink twisted his right knee which tore its ligaments, cartilage and/or tendons.

Page 10

34.    The Delaware State Police vehicle, which almost ran over

Mr. Frink, was occupied and operated by defendant Trooper Steven T.

Rizzo; after missing Mr. Frink, defendant, Corporal Rizzo, stopped

his vehicle, quickly exited it and ran towards Mr. Frink who was

already on the ground.


35.    Immediately after the narrow miss of the Delaware State

Police vehicle driven by Corporal Rizzo, Mr. Frink laid face down in

the prone position on the ground in great pain and fearing for his life.


36.    Corporal Rizzo and Corporal Hudack, within seconds of Mr.

Frink laying down on the ground, pounced upon Mr. Frink and began

to repeatedly slam him against the ground while defendant, Corporal

Forester, aimed his weapon ( a divisional issued handgun) at Mr.

Frink.


Page 11

37.    Mr. Frink  attempted to avoid injury from being repeatedly slammed on the ground; in so doing he braced himself with his arms but his left elbow struck a rock that was laying on the ground which broke off several chips from the bone in his elbow causing great pain.

38.    When Mr. Frink was being handcuffed on the ground he received several knees in his back and had both his arms twisted, yanked and pulled by Corporals Hudack and Rizzo. This caused further injury, pain and sprain to Mr. Frink's knee and elbow. Regardless of his pain  Mr. Frink fully complied with all the instructions of the Delaware State Police while he was on the ground being repeatedly slammed and struck.

39.    While Mr. Frink was laying face down on the ground Corporals Hudack and Rizzo began to make ethnic slurs, and veiled threats on Mr. Frink's life by saying among other things "Lay the fuck down nigger." and saying " We should have killed you."

page 12

40.    Mr. Frink, while handcuffed, was violently marched up the embankment and put into Corporal Rizzo's patrol vehicle.

41.    Defendant, Corporal Thomas E. Green, arrived on the scene after Mr. Frink was injured and handcuffed. Corporal Green was the On Duty Supervisor for Troop One B-Shift. Corporal Green subsequently made false reports about the incident regarding his arrival time and that he witnessed Mr. Frink giving resistance while being handcuffed.

42.    At the time of his arrest Mr. Frink made numerous request for medical assistance and 3 hours later he was transported to a medical facility, Christiana Care, where he received treatment.

43.    Corporal Forester's patrol vehicle had an in-car video recorder that was activated before his arrival and while he was present at the scene of the arrest of Mr. Frink. The in-car video

Page 13

recorder tape at its conclusion depicted Mr. Frink on the ground with Corporals Hudack and Rizzo on top of him.

44.    Corporals Hudack and Rizzo at this point in the video tape look directly at the in-car video recorder and immediately point towards it and motion for Corporal Forester to terminate the recorder. Corporal Forester is seen quickly returning to his patrol vehicle and the recording abruptly terminates.

45.    The concerted actions of Corporals Hudack, Rizzo and Forester at this point were designed to prevent the detection of the illegal acts of Corporals Hudack and Rizzo.

46.    Corporal Forester was interviewed on 9/4/05 at approximately 7:40 am and during that interview handed over the in-car video recording to Detective Savoy of the Delaware State Police.

47.    Detective Savoy turned the in-car video tape over to

Sergeant James P. Fraley of the Delaware State Police on 9/4/05 at

approximately 9:15 am.

48.    Sergeant Fraley then informed the Executive Staff of the

Delaware State Police of this incident on 9/4/05 at approximately

12:10 pm by in a Daily Significant Event Report that was forwarded

to them.. At the same time Sergeant Fraley also forwarded a copy of

that report to Captain Nate McQueen.

49.    The entire Executive Staff of the Delaware State Police and

Captain Nate McQueen knew or should have known all the above

events and failed to take action. This omission not only constituted a

failure of their duties but joined them, as actors or co-conspirators,

with other defendants of the Delaware State Police to deny Mr. Frink

of his U. S. Constitutional rights.

Page 15

50.     The Executive Staff of the Delaware State Police includes

defendants Superintendent Colonel Thomas Macleish, Deputy

Superintendent Lieutenant Colonel Mark W. Seifert and Major Joseph

A. Papili.

## MR. FRINK'S INJURIES

51.     As a result of the incidents of September 4, 2005 Mr. Frink

suffered emotional and mental injuries as well as the following

physical injuries:

A)     Strain, sprain and tear of the ligaments, cartilage and

or tendons in his right knee.

B)     A chipped elbow bone.

C)     Back sprain, strain and pain.

### John O. Frink, Jr. was deprived of his Constitutional rights through the Defendants' concerted actions and inactions

52.     The physical injury caused by the defendants, that were all

Page 16

members of the Delaware State Police, were direct and foreseeable by all defendants.

53.    All defendants acted, jointly and severally, under color of state law at all times relevant herein and in willful and wanton disregard for Mr. Frink's safety and rights, exhibiting gross and reckless negligence which exposed Mr. Frink to substantial risk of physical harm and death, all of which shocks one's conscience.

54.    The actions and inactions of each defendant are shocking in that each defendant exercised authority under color of state law, joint and severally, to create an opportunity for danger and harm that would not have otherwise existed, thereby establishing violations of his rights guaranteed by the United States and Delaware Constitutions, including but not limited to:

A)    Deprivation of life and liberty without due process of law, pursuant to the 5th and 14th Amendments:

Page 17

B)  Deprivation of the right to equal protection of the law, pursuant to the 14th Amendment:

C)  Deprivation of the right to be free from cruel and unusual punishment pursuant to the 8th Amendment imposed on the defendants by the 14th Amendment;

D)  Deprivation of his right to be free from infliction of cruel punishment, pursuant to Article I section 11 of the Delaware Constitution:

E)  Deprivation of his right to life, liberty and property without judgment by his peers, in violation of Article I section 7 of the Delaware Constitution;

55.  As a direct and proximate deprivation of his Constitutional rights, as aforesaid, Mr. Frink suffered attendant physical injuries, mental anguish, pain and suffering.

page 18

## COUNT I
## (Sections 1981 and 1983 Claims Against all of the above reference defendants that are agents and/or employees of the Delaware State Police)

56.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 55 herein.

57.    On or about September 4, 2005,  the aforementioned defendants, all employees and agents of the Delaware State Police, while acting, joint and severally, under color of state law, used ethnic slurs, threatened, shot at, chased, tried to run over, slammed and otherwise assaulted and battered Mr. Frink while he was in custody or while he was trying to surrender himself into custody.

58.    Mr. Frink took no action which constituted any justification or reason for defendants, who were Delaware State Police, to use ethnic slurs towards him, to threaten to kill him, to shot at him while he was fleeing in fear of his life, to attempt to run him over with the patrol vehicle and to slam him repeatedly against the ground or

Page 19

otherwise to commit assault and battery on Mr. Frink.

59.    The aforesaid acts and omissions of the defendants, that
were Delaware State Police, were done, joint and severally, with the
intent and purpose of depriving or attempting to deprive Mr. Frink of
his rights to equal benefit of the laws and proceedings for the security
of his person and property as is enjoyed by white citizens, pursuant to
42 U.S.C. section 1981 as well as deprivation of his Constitutional
rights under the 5th, 8th, and 14th Amendments of the United States
Constitution as well as Article I, sections 7 and 11 of the Delaware
Constitution.

60.    The defendants, that are members of the Delaware State
Police, acted with knowledge, agreement, consent,  intentionally,
willfully, maliciously and with reckless disregard of the truth to create
a version of events of September 4, 2005 concerning Mr. Frink that is
not consistent with actual occurrences in an attempt to blame him for

Page 20

the defendants' misconduct.

61.    As a result and proximate cause of the acts of the

defendants, who were acting, joint and severally, under the color of

state law, Mr. Frink:

A.    Suffered great and significant physical injury and

mental and emotional distress, harm, anguish, shame and humiliation;

and

B.    Incurred medical expenses.

## COUNT II
**(section 1983 Claim against Defendants that were Delaware  State**

**Police)**

62.    Plaintiff, Mr. Frink, hereby realleges and incorporates by

reference the allegations contained in paragraphs 1 through 61 herein.

63    At all times relevant to this action, defendants, all of whom

were members of the Delaware State Police, were employees or

Page 21

agents of the State of Delaware and were acting for or on behalf of the State of Delaware and or Department of Safety and Homeland Security: Delaware State Police. All defendants that were members of the Executive Staff of the Delaware State Police, as well as Captain Nate Smith, knew or should have known, of actions of employees whose actions were within their supervision and control.

64.     All the members of the Executive Staff of the Delaware State Police, as well as Captain Nate Smith knew as a result of the "Significant Daily Event " report, or should have known the actions of the other defendants, all of whom were Delaware State Police. Their actions included wholesale deprivations of Mr. Frink's Constitutionally guaranteed civil rights and assault and battery.

65.     All Executive Staff members, Captain Nate Smith and all the Delaware State Troopers involved as defendants in this action showed a deliberate indifference to the well being and Constitutional

rights and welfare of Mr. Frink.

66.    By acts and/or omissions of all the defendants,  an
atmosphere was created conductive to the aforesaid illegal and
unconstitutional actions of the defendants, which demonstrated the
complete disregard by the defendants, of the risk known or which
should have been known and a deliberate indifference to the
Constitutional rights and welfare of Mr. Frink.

67.    All of the defendants, who were all members of the
Delaware State Police, together with other employees or agents of the
State of Delaware, created a version of the events of September 4,
2005 which is not consistent with the actual occurrences in order to
cover up the Defendants' misconduct.

68.    The joint and several acts of  the defendants, who were
members of the Delaware State Police, were pursuant to a custom or

policy of the Delaware State Police, which as a result of the

aforesaid acts and/or omissions of the defendants Mr. Frink:

    A.    Suffered great and significant physical injury and

mental and emotional distress, harm, anguish, shame and humiliation;

and

    B.    Incurred medical expenses.

WHEREFORE, Plaintiff, John O. Frink, Jr., demands judgment

against all defendants jointly and severally for compensatory and

punitive damages, including cost pursuant to 42 U.S.C. section 1988

and other such relief as is just and appropriate as determined by a

jury.

Respectfully Submitted, Pro Se

John O. Frink, Jr.
3700 N. Market St.
Wilmington, Delaware 19802

- 07 - 530

◆JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

John O. Frink Jr. N/C

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

3700 N. Market St. Wilmbo

## DEFENDANTS

Thomas W/Ageish

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

N/C

Attorneys (If Known)

N/C

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|                                                    | PTF | DEF |                                                         | PTF | DEF |
|----------------------------------------------------|-----|-----|---------------------------------------------------------|-----|-----|
| Citizen of This State                              | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State                           | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country            | ☐ 3 | ☐ 3 | Foreign Nation                                          | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☒ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Serving 1331 and 1363 The federal

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 9 4 07                SIGNATURE OF ATTORNEY OF RECORD _____

### FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
**CLERK**

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

RE:   C.A.#   ⁼ 0 7 ⁻ 5 3 0 ⁻

CASE CAPTION:   Frink                   v.  Macleish, et al

## ACKNOWLEDGMENT OF RECEIPT FOR F.R.Civ.P. 4

I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal
Rules of Civil Procedure, and understand that it is my responsibility to make service of
process on defendants in accordance with this rule.

Date Received         SEP - 4 2007         Signed: _____
by Plaintiff:                                              Pro Se Plaintiff

Date Received         SEP - 4 2007         Signed: _____
by Clerk's office:                                        Deputy Clerk

Note: If you received Federal Rule 4 by mail, please sign this receipt and return it to:

Clerk
U.S. District Court
844 N. King Street         If applicable, Rule 4 mailed to plaintiff:
Lockbox 18
Wilmington, DE 19801

_____
Date mailed

_____
By Deputy Clerk

cc:  Docketing Clerk

wp\forms\rule4receipt 2-04

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. ⌐ 0 7 ⁻ 5 3 0 ⁻

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_SEP - 4 2007_
(Date forms issued)

(Signature of Party or their Representative)

(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action