IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN O. FRINK, JR., | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   C. A. No. 07-530 SLR |
| | ) |
| THOMAS MACLEISH, individually, | ) |
| MARK W. SEIFERT, individually, | ) |
| JOSEPH A. PAPILI, individually, | ) |
| ANDREW J. HUDAK, individually, | ) |
| STEVEN T. RIZZO, individually, | ) |
| JOHN P. FORESTER, individually, | ) |
| THOMAS E. GREEN, individually, | ) |
| NATE MCQUEEN, individually. | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANTS ANDREW J. HUDAK, STEVEN T. RIZZO, JOHN P. FORESTER AND THOMAS E. GREEN

COME NOW, Delaware State Police Defendants: Corporal Andrew J. Hudak, Corporal/1 Steven T. Rizzo, Corporal/1 John P. Forester and Master Corporal Thomas E. Green (hereinafter collectively referred to as "Answering Defendants" or "Responding Troopers")[1], and answer plaintiff's complaint as follows: Unless expressly admitted or qualified, all of the allegations in the Complaint are generally denied.

## JURISDICTIONAL STATEMENT

Plaintiff's initial statement regarding the jurisdiction of this Court states legal conclusions to which no response is deemed necessary. Answering Defendants reserve all defenses, including jurisdictional defenses, which may be available to them.

---

[1] Plaintiff has also named as Defendants in his suit a number of supervisory officials of the Delaware State Police, up to and including the Colonel, Thomas F. MacLeish, who had no personal involvement with the events alleged. These remaining Defendants have moved to dismiss Plaintiff's Complaint. Said motion is being filed simultaneously with this Answer.

1. Admitted, upon information and belief.

2. This averment is not directed to the Answering Defendants. Without waiver of any defenses asserted by Colonel MacLeish or any other defendant, it is admitted that Thomas MacLeish is a white male who was appointed by the Governor as the Colonel of the Delaware State Police, which is a Division of the Department of Safety and Homeland Security, and currently serves in that position. The Colonel is a member of the Executive Staff of the Delaware State Police.

3. This averment is not directed to the Answering Defendants. Without waiver of any defenses asserted by former Lieutenant Colonel Seifert or any other defendant, it is admitted that Mark W. Seifert is a white male who held, at all times relevant to the Complaint, the rank of Lieutenant Colonel of the Delaware State Police ("DSP"). The Lieutenant Colonel is a member of the Executive Staff of the Delaware State Police. Lt. Col. Seifert retired from DSP in March 2008.

4. This averment is not directed to the Answering Defendants. Without waiver of any defenses asserted by Major Papili or any other defendant, it is admitted that Joseph A. Papili is a white male who held, at all times relevant to the Complaint, the rank of Major of the Delaware State Police ("DSP"). Major Papili was and continues to serve as the Operations Officer for Special Units in the DSP. All Majors are members of the Executive Staff of the Delaware State Police.

5. Admitted.

6. Admitted, except that John P. Forester holds the rank of "Corporal Grade 1" rather than "Corporal."

7. Admitted, except that Steven T. Rizzo holds the rank of "Corporal Grade 1" rather than "Corporal."

8. Admitted, except that Thomas E. Green holds the rank of "Master Corporal" rather than "Corporal."

9. This averment is not directed to the Answering Defendants. Without waiver of any defenses asserted by Captain McQueen or any other defendant, it is admitted that Nathanial McQueen holds the rank of Captain in the Delaware State Police ("DSP"). Denied that Nathanial McQueen is a white male; he is an African-American male.

10. Admitted. By way of further response, at approximately 2:30 a.m. on September 4, 2005, the vehicle driven by Plaintiff was clocked in excess of 100 miles per hour on I95 southbound, north of the Marsh Road exit, by Cpl. Andrew Hudak who was patrolling the highway at that time.

11. Admitted.

12. Admitted that Cpl. Hudak pursued and stopped Plaintiff's vehicle for speeding and other moving violations.

13. Admitted.

14. Admitted that Plaintiff pulled his vehicle to the right hand shoulder of I95 south, however denied that Plaintiff's response was "appropriate" as he left the drivers' side tires of his vehicle in the righthand lane of traffic when he stopped his car. Plaintiff also did not put his car into "park" at any time after he pulled over.

15. Admitted that Cpl. Hudak pulled his Divisional vehicle behind Plaintiff's vehicle on the right shoulder. Defendants are without knowledge or information sufficient to respond to the balance of this averment.

16. Admitted that Cpl. Hudak approached Plaintiff's vehicle on foot on the passenger side, due Plaintiff having placed the drivers' side of his vehicle in the lane of traffic. Defendants are without knowledge or information sufficient to respond to the balance of this averment.

17. Denied. By way of further response, Cpl. Hudak saw that Plaintiff's vehicle was not in "park" at the time he approached and, after identifying himself, asked Plaintiff to put his vehicle in "park." Cpl. Hudak also observed Plaintiff breathing heavily with his chest heaving up and down. Specifically denied that Cpl. Hudak used any racial slurs or threats in his brief interaction with Plaintiff.

18. Denied. By way of further response, Plaintiff put his vehicle into reverse and began backing up upon Cpl. Hudak, who was positioned behind the passenger side door of the two-door car, on foot, in a small area between Plaintiff's vehicle and the guard rail.

19. Admitted that when Plaintiff began driving his vehicle in reverse toward Cpl. Hudak, Cpl. Hudak thought he was going to be run over, yelled at Plaintiff to stop the car and, in fear for his life, fired several shots from his Divisional issued handgun at Plaintiff, who was still operating the car.

20. Answering Defendants are without knowledge or information sufficient to respond to this averment.

21. Admitted that Corporal Hudak fired a total of four shots. The balance of the averment is denied.

22. Answering Defendants are without knowledge or information sufficient to respond to this averment.

23. Denied as stated. Plaintiff fled from the scene in his vehicle at some point while or just after the shots were fired, despite commands to stop.

24. Admitted that Corporal Hudak fired a total of four shots and that Plaintiff was attempting to flee. The balance of the averment is denied.

25. Answering Defendants are without knowledge or information sufficient to respond to this averment.

26. Answering Defendants are without knowledge or information sufficient to respond to this averment.

27. Admitted that after fleeing from the initial vehicle stop, Plaintiff drove his vehicle a short distance southbound on I95 and fled on foot into the woods. Plaintiff left his car in reverse in the righthand travel lane of I95 and ran around the front of his car into the woods. The balance of the averment is denied.

28. Admitted that Cpl. Hudak, after calling for assistance, pursued Plaintiff's vehicle in his Divisional vehicle. Cpl. Hudak had to use his own vehicle to stop Plaintiff's car from rolling backward down the highway. Cpl. Hudak observed Plaintiff go into the woods. The balance of the averment is denied.

29. Denied as stated. Answering Defendants are without knowledge or information sufficient to respond to allegations pertaining to Plaintiff's activities in the woods.

30. Admitted that Cpl. Hudak had his weapon drawn for protection as he approached the wooded area where Plaintiff was hiding. Otherwise, denied. Specifically denied that Cpl. Hudak used any racial slurs or threats toward Plaintiff.

31. Admitted that Cpl/1 Forester arrived at the scene, having been called to assist Cpl. Hudak. One or both troopers called toward the woods ordering Plaintiff to come out, which he did a short time later. When Plaintiff emerged from the woods, he had one hand in the air and one hand holding the waistband of his pants. Otherwise, denied.

32. Denied.

33. Denied.

34. Admitted that Cpl/1 Rizzo arrived at the scene, having been called to assist Cpl. Hudak. Cpl. Rizzo parked his vehicle and approached Plaintiff, as Cpls. Hudak and Forester were attempting to secure his hands to handcuff him. Cpl. Rizzo, who observed that Plaintiff was highly intoxicated, was able to assist and handcuff Plaintiff. The balance of the averment is denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Admitted that Cpl. Rizzo escorted Plaintiff away from the scene. The balance of the averment is denied.

41. Admitted that Master Corporal Thomas Green, the on-duty supervisor, arrived on the scene while the three troopers were still struggling to get Plaintiff handcuffed. The balance of the averment is denied.

42. Denied as stated. Plaintiff made statements that his knee and elbow were hurting, and he was transported to the hospital by Delaware State Police in a timely manner.

43. Admitted that Cpl. Forester's vehicle had an in car video recorder which captured some of the incident during which Plaintiff was taken into custody. The balance of the averment is denied.

44. Denied.

45. Denied.

46. Admitted that Cpl. Forester was interviewed by Detective Michael Savoy on September 4, 2005. Answering Defendants are without knowledge or information sufficient to respond to the balance of this averment.

47. Answering Defendants are without knowledge or information sufficient to respond to this averment.

48. Answering Defendants are without knowledge or information sufficient to respond to this averment.

49. This averment states and calls for legal conclusions to which no response is deemed necessary. Should an answer be deemed necessary, this averment is denied in its entirety. Without waiver of any defenses of the non-Answering Defendants, it is specifically denied that any member of the Executive Staff was aware of the early morning events of September 4, 2005 until after Plaintiff had been taken into custody.

50. Admitted, except that Lt. Col. Mark W. Seifert has since retired from DSP.

51. Denied.

52. Denied. Specifically denied that Plaintiff suffered any serious physical injury as a result of his lawful arrest by DSP troopers.

53. Denied.

54. Denied.

55. Denied.

56. Answering Defendants hereby incorporate by reference their responses to Paragraphs 1 through 55 above.

57. Denied. By way of further answer, Answering Defendants effected a lawful arrest of Plaintiff and took him into custody using reasonable, minimum force necessary to effect the arrest and protect their safety.

58. Denied. Specifically denied that Defendants used racial slurs or assaulted Plaintiff. By way of further answer, Answering Defendants effected a lawful arrest of Plaintiff and took him into custody using reasonable, minimum force necessary to effect the arrest and protect their safety.

59. Denied.

60. Denied.

61. Denied.

62. Answering Defendants hereby incorporate by reference their responses to Paragraphs 1 through 61 above.

63. Admitted that Answering Defendants were acting in the course and scope of their employment as DSP officers. A portion of this allegation is directed to persons other than Answering Defendants.

64. This averment is not directed to the Answering Defendants. Without waiver of any defenses of the non-Answering Defendants, it is specifically denied that any member of the Executive Staff was aware of the early morning events of September 4, 2005 until after Plaintiff had been arrested.

65. This averment is not directed to the Answering Defendants. Without waiver of any defenses of the non-Answering Defendants, the averment is denied.

66. Denied.

67. Denied.

68. Denied.

## RELIEF

It is specifically denied that plaintiff is entitled to any relief or damages, including compensatory damages, punitive damages and/or costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

1. The Answering State defendants are immune from liability under the doctrine of sovereign immunity.

2. The Answering State defendants are immune from liability under the Eleventh Amendment of the United States Constitution.

3. As to any claims sounding in state law, the Answering State defendants are immune from liability under the State Tort Claims Act, 10 *Del.C.* §4001, *et. seq*.

4. The Answering State defendants in their official capacities are not subject to suit or liable for alleged violations of plaintiff's constitutional rights as they are not "persons" within the meaning of 42 U.S.C.A. §1983.

5. The Answering State Defendants were acting in good faith, within the scope of their employment and without knowingly violating well-established federal rights, and are therefore entitled to qualified immunity and cannot be held liable in this action.

6. Individual defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

7. To the extent the Plaintiff seeks to hold the defendants liable based on supervisory responsibilities, the Doctrine of *respondeat superior* is not a basis for liability in an action under 42 U.S.C.A. §1983.

8. To the extent Plaintiff's claims sound in negligence, Plaintiffs fails to state a cause of action under 42 U.S.C.A. §1983.

9. Plaintiffs fail to state a claim for maintenance of wrongful customs, practices and policies.

10. Plaintiff fails to state a claim against defendants for violation of the Eighth Amendment.

11. Plaintiff fails to state a claim against defendants for violation of the Fifth and/or Fourteenth Amendments.

12. Plaintiff fails to state a claim against defendants for violation of the Delaware Constitution.

13. Plaintiff contributed to his own injuries, if any, by his conduct in resisting arrest and by his severe intoxication, proximately causing and/or exacerbating his injuries.

14. Plaintiff's injuries, if any, resulted from intervening/superseding causes, including, but not limited to, his conduct in resisting arrest and his severe intoxication.

15. This action and all claims are barred, in whole or in part, by the applicable statute of limitations.

16. Plaintiff otherwise fails to state a claim upon which relief can be granted.

17. Insufficiency of Service of Process.

18. Lack of Jurisdiction over the person and subject matter.

**WHEREFORE**, State Defendants demand that judgment be entered in their favor as to all claims, and against the plaintiff as to all claims, and that costs and attorney fees be awarded to the State Defendants.

                                        **STATE OF DELAWARE**
                                        **DEPARTMENT OF JUSTICE**

                                        */s/ Stephani J. Ballard*
                                        STEPHANI J. BALLARD (ID # 3481)
                                        Deputy Attorney General
                                        State of Delaware
                                        Department of Justice
                                        Carvel State Office Building
                                        820 North French Street
                                        Wilmington, DE 19801
                                        (302) 577-8400
                                        Attorney for State Defendants Hudak,
                                        Rizzo, Forester and Green

DATED: April 25, 2008

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on April 25, 2008, she caused the attached, *Answer of Defendants Andrew J. Hudak, Steven T. Rizzo, John P. Forester and Thomas E. Green* to be delivered to the following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

John O. Frink, Jr.
3700 North Market Street
Wilmington, DE  19802

**MANNER OF DELIVERY:**

_____   One true copy by facsimile transmission to each recipient.

  X     Two true copies by first class mail, postage prepaid, to each recipient.

_____   Two true copies by Federal Express.

_____   Two true copies by hand delivery to each recipient.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Stephani J. Ballard*
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302)577-8400
Attorney for State Defendants