

JOSEPH R. BIDEN, III
ATTORNEY GENERAL

DEPARTMENT OF JUSTICE
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX (302) 577-6499
TTY (302) 577-5783

June 17, 2008

**Via CM/ECF Electronic Filing**
The Honorable Leonard P. Stark
United States District Court, District of Delaware
U.S. Courthouse
844 King Street
Lockbox 26
Wilmington, DE 19801

      *Re:*   *Frink v. MacLeish, et. al.*
            *C.A. No. 07-530 SLR/LPS*

Dear Judge Stark:

      On May 21, 2008, Your Honor issued a letter and proposed Scheduling Order in the above matter. (D.I. 19). You requested that the parties respond by letter if there were any objections to the proposed order. While State Defendants do not object to the scheduling dates *per se*, due to the procedural posture of this case, Defendants would request that discovery and other pre-trial matters be stayed at this time, for the reasons set forth herein.

      Plaintiff's *pro se* excessive force complaint is brought against eight Delaware State Police (DSP) defendants. Four of the Defendants (Hudak, Rizzo, Forester and Green—the "Responding Troopers") were personally involved in Plaintiff's arrest, but deny excessive force. These Defendants have filed an answer to the Complaint. (D.I. 18).

      The remaining four DSP Defendants are high-ranking administrators and supervisors who had no personal involvement in the arrest and alleged use of force (MacLeish, Seifert, Papili and McQueen). These "Supervisory Defendants" have filed a Motion to Dismiss and Opening Brief in support thereof. (D.I. 16-17). The Motion to Dismiss is based upon immunity and the failure to allege a constitutional violation upon which liability against the Moving Defendants could be premised. Both the Answer and the Motion to Dismiss were simultaneously filed on April 25, 2008. Plaintiff has not filed an Answering Brief in response to the Motion to Dismiss to date (nor taken any other action with respect to the case).

The scope of discovery in this case will be dependent upon whether the claims against the Moving (Supervisory) Defendants survive the Motion to Dismiss. For example, Plaintiff asserts "policy" claims, supervisory liability and "conspiracy" with the Responding Troopers, which would not be issues in the case, or subjects for discovery, if the supervisory defendants are dismissed. Furthermore, the Moving Defendants assert immunity from suit, and it is well settled that where immunity exists, it protects a party not only from damages but from being subject to any trial proceedings at all. *See* Mitchell v. Forsyth, 472 U.S. 511 (1985). Accordingly, State Defendants respectfully request that the scope of the case be determined by adjudication of the Motion to Dismiss prior to the commencement of discovery, and assert that the Moving Defendants should not be subject to the time, expense and invasiveness of discovery while they are claiming immunity from suit.

Accordingly, State Defendants request that discovery and other pre-trial matters be stayed until resolution of the motion to dismiss proceedings. If the Court requires a formal motion to stay, I will promptly file one, however in light of the Court's request (D.I. 19) that the parties state their position on the proposed Scheduling Order by letter, I am proceeding in that format initially. I am available if the Court has any questions or wishes to address this issue further at this time.

Respectfully submitted,

/s/ Stephani J. Ballard
Stephani J. Ballard
Deputy Attorney General

cc:   John O. Frink, Jr. (via U.S. mail)