IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN O. FRINK, JR., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No. 07-530-SLR-LPS |
| : | |
| THOMAS MACLEISH, individually, : | |
| MARK W. SEIFERT, individually, : | |
| JOSEPH A. PAPILI, individually, : | |
| ANDREW J. HUDAK, individually, : | |
| STEVEN T. RIZZO, individually, : | |
| JOHN P. FORESTER, individually, : | |
| THOMAS E. GREEN, individually, : | |
| NATE MCQUEEN, individually. : | |
| : | |
| Defendants. : | |

## REPORT AND RECOMMENDATION
## REGARDING MOTION TO DISMISS

Defendants Thomas MacLeish, Mark W. Seifert, Joseph A. Papili, and Nate McQueen (hereinafter collectively referred to as "Moving Defendants") move to dismiss Plaintiff's Complaint. (D.I. 16) Defendants Andrew J. Hudak, Steven T. Rizzo, John P. Forester, and Thomas E. Green (hereinafter collectively referred to as "Answering Defendants") separately filed an Answer to Plaintiff's Complaint. (D.I. 18) Plaintiff John O. Frink, Jr., filed a response to Moving Defendants' motion to dismiss. (D.I. 22) For the reasons set forth below, I recommend that the Court grant the Motion to Dismiss.

1

# I. BACKGROUND[1]

On September 4, 2005, at approximately 2:30 a.m., Plaintiff was arrested on a number of criminal charges in connection with attempts to evade arrest following a traffic stop on Interstate 95 in Wilmington, Delaware. (D.I. 17) Plaintiff alleges that, following a stop of his vehicle by Answering Defendant Hudak, Hudak approached Plaintiff in his car with his weapon drawn, shouting racial slurs and threats. Plaintiff claims that in fear for his life, he drove off, and Hudak fired four shots at Plaintiff's vehicle. Plaintiff stopped his vehicle and ran out of it on foot, down an embankment and into the woods. Hudak pursued Plaintiff to this second stop with his gun drawn and continuing to shout threats while Plaintiff was in the woods. Answering Defendants Forester and Rizzo arrived at the scene. Plaintiff alleges that Rizzo drove his vehicle off the road and towards Plaintiff as he was exiting the woods to surrender. Plaintiff claims that in his attempt to dodge the vehicle, he sustained an injury to his right knee. Rizzo and Hudak allegedly used excessive force in taking Plaintiff to the ground, handcuffing him, and arresting him. They also allegedly uttered more racial slurs and threats against Plaintiff. During the arrest, Hudak and Rizzo allegedly instructed Forester to turn off his in-car video camera. Answering Defendant Thomas E. Green next arrived at the scene and allegedly made false reports about the incident. Finally, Plaintiff claims that he had to wait three hours before being transported to the hospital to receive medical assistance for his knee injury.

Plaintiff further alleges that non-Defendant Detective James P. Fraley informed the Executive Staff of this incident on September 4, 2005 at approximately 12:10 p.m. via a Daily Significant Event Report. (D.I. 1 at ¶48) The Executive Staff consists of Moving Defendants

---

[1] All of the factual statements contained in this Report & Recommendation are based on taking the allegations in the complaint as true.

MacLeish, Seifert, and Papili. Moving Defendant McQueen, though not a member of the Executive Staff, was also forwarded a copy of the Significant Event Report at around 12:10 p.m. Plaintiff claims that the Moving Defendants "knew or should have known all of the above events and failed to take action," thereby "conspiring" to deprive Plaintiff of his Constitutional rights. (D.I. 1 at ¶49) Plaintiff also alleges the Moving Defendants "knew or should have known of actions of employees whose actions were within their supervision and control." (D.I. 1 at ¶63) Plaintiff charges that all Defendants "created a version of the events of September 4, 2005" which is inaccurate in an attempt to "cover up" wrongdoing. (D.I. 1 at ¶67) Finally, Plaintiff claims that the actions of all Defendants were "pursuant to a custom or practice of the Delaware State Police." (D.I. 1 at ¶68)

Plaintiff filed his complaint on September 4, 2007, asserting claims pursuant to 42 U.S.C. § 1983 against the eight Delaware State Police Troopers. (D.I. 1) As alleged, four of these Troopers, the Answering Defendants, participated in Plaintiff's arrest. The remaining four defendants, the Moving Defendants, had no personal involvement in the Plaintiff's arrest but played a supervisory role in the alleged events. (D.I. 17)

The complaint alleges that all Defendants violated both the United States and Delaware Constitutions by depriving Plaintiff of the following rights: substantive due process under the Fourteenth Amendment of the U.S. Constitution and Article I section 7 of the Delaware Constitution; equal protection under the Fourteenth Amendment of the U.S. Constitution; and the right to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution and Article I section 11 of the Delaware Constitution. (D.I. 1)

## II. LEGAL STANDARDS

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). To that end, the court assumes that all factual allegations in Plaintiff's pleading are true, and draws all reasonable factual inferences in the light most favorable to Plaintiff. *See Amiot v. Kemper Ins. Co.,* 122 Fed. Appx. 577, 579 (3d Cir. Dec. 21, 2004). However, the court should reject "unsupported allegations," "bald assertions," or "legal conclusions." *Id.* Because Plaintiff proceeds *pro se,* the court liberally construes the complaint. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972).

## III. DISCUSSION

### A. The Bases For The Motion To Dismiss

Moving Defendants MacLeish, Seifert, Papili, and McQueen move for dismissal on the basis that the complaint fails to state a claim upon which relief may be granted. Specifically, they contend that Plaintiff's complaint does not allege the requisite personal involvement for § 1983 liability; that § 1983 liability may not be imposed on them under a theory of respondeat superior; that a claim of wrongful "practices and policies," which is a theory of municipal liability, may not be maintained against State officials as a matter of law under the Eleventh Amendment; and that the complaint fails to state a claim of civil conspiracy against any Defendant. Additionally, Moving Defendants contend that the complaint fails to state a claim against them for any violation of the Delaware Constitution, as the claims of State Constitutional violations are premised upon the same conduct which allegedly

violates the Federal Constitution.[2]

I agree with Moving Defendants that the complaint fails to allege their personal involvement in the alleged events and instead, improperly, seeks to impose liability solely on the basis of respondeat superior. It is not necessary to reach the other grounds for dismissal asserted by the Moving Defendants.

### B. The Moving Defendants Had No Personal Involvement In The Acts Complained Of And Liability May Not Be Premised On Respondeat Superior

An individual government defendant in a civil rights action "must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (internal quotation marks omitted). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in the deprivation of a plaintiff's constitutional rights. *Id.*; *see also Monell v. Department of Social Services*, 436 U.S. 658, 694-95 (1978).

In the complaint, Plaintiff alleges that Moving Defendants did not learn of the traffic stop, shooting, and arrest of Plaintiff until 12:10 p.m. on September 4, 2005, approximately 10 hours after these events occurred. (D.I. 1 at ¶ 48) Plaintiff does not allege that any of the Moving Defendants was at the scene of Plaintiff's arrest. Consequently, even taking the complaint as true, Moving Defendants did not direct, have actual knowledge of, or acquiesce in the deprivation of Plaintiff's constitutional rights in connection with these events. *Evancho*, 423 F.3d at 353.

---

[2] In response to the Motion to Dismiss, Plaintiff asks that the complaint not be dismissed because the alleged "incident was the result of the Defendants' unnecessary and unreasonable negligence and could have been avoided," which caused him to suffer "permanent and life threatening injuries." (D.I. 22) His filing does not contain argument.

Instead, the facts as alleged against the Moving Defendants are premised on a theory of respondeat superior or vicarious liability. As already noted, however, a § 1983 claim cannot be based on respondeat superior. *See, e.g., Polk County v. Dodson,* 454 U.S. 312, 324 (1981). The same is true for the alleged violations of Plaintiff's rights under the Delaware Constitution. *See, e.g., Steelman v. Williams,* 1999 WL 1442001, at *1 (Del. Super. Ct. Nov. 15, 1999). Therefore, Plaintiff's allegations against the Moving Defendants fail to state a claim on which relief may be granted.

## IV. RECOMMENDED DISPOSITION

Based upon the foregoing analysis, I recommend that the Court grant the motion to dismiss filed by the Moving Defendants.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within ten (10) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson,* 812 F.2d 874, 878-79 (3d Cir.1987); *Sincavage v. Barnhart,* 171 Fed. Appx. 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order In *Pro Se* Matters For Objections Filed Under Fed. R. Civ. P. 72, dated April 7, 2008, a copy of which is available on the Court's website, www.ded.uscourts.gov/StandingOrdersMain.htm.

The Clerk of the Court is hereby directed to mail a copy of this Report and Recommendation and the standing order referred to above to Plaintiff.

Dated: January 5, 2009

_____
Honorable Leonard P. Stark
UNITED STATES MAGISTRATE JUDGE